IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA JOHNSON, As Administrator of the Estate of Mitchell Johnson, and WALTER JOHNSON,<br><br>   Plaintiffs,<br><br>vs.<br><br>TOBY HOPPER and SARA LEE BAKERY GROUP, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL NO. 05-836-GPM<br>)<br>)<br>)<br>)<br>) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This was an automobile accident at the intersection of 48th Street and Bond Avenue in Alorton, Illinois, on August 9, 2005. Mitchell Johnson was driving eastbound on Bond Avenue with his father, Walter Johnson, riding in the passenger seat. Toby Hopper, an employee of Sara Lee Bakery Group, Inc. (Sara Lee), was driving a Sara Lee truck northbound on 48th Street. Hopper's truck struck Johnson's car as Johnson's car passed through the intersection, broadsiding it. There is no traffic sign or signal at the intersection for vehicles traveling eastbound on Bond Avenue, the direction that Johnson was traveling. However, there is a stop sign at the intersection for vehicles traveling northbound on 48th Street, as Hopper was traveling.

Plaintiffs claim that Hopper was negligent by failing to keep a look out for vehicles on the roadway and failing to stop at the stop sign. Plaintiffs further claim that Sara Lee was negligent through the negligence of its agent, Hopper. Mitchell Johnson, who originally filed this action, is

deceased, and his sister has been substituted for him (Doc. 26).

Defendants filed counterclaims against Mitchell Johnson, claiming that he breached his duty to operate his vehicle in a reasonably safe manner for the benefit of his passenger, Walter Johnson. Therefore, Defendants ask that if verdicts are rendered against them, or either of them, in favor of Walter Johnson, or they settle with Walter Johnson, that the Court award them a judgment against Mitchell Johnson for an amount commensurate with his relative culpability. Patricia Johnson filed a motion for summary judgment on the counterclaims, arguing that there is no evidence in the record to support the allegation that any act or omission on the part of Mitchell Johnson proximately caused or contributed to the accident. The Court heard oral argument on the motion on November 6, 2006. For the following reasons and for those set forth on the record during the hearing, the motion is granted.

The standard applied to summary judgment motions filed under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

This case is governed by the principles set forth in *Salo v. Singhurse*, 537 N.E.2d 339 (Ill. App. Ct. 1989), in which the court found that a motorist traveling on a preferential roadway had a right to expect that the motorist who hit him would obey the stop sign and yield the right-of-way as he passed through the intersection.  "Whether or not the jury believed Salo should have exercised more caution under the circumstances of a flashing yellow light by possibly slowing down more or watching Singhurse's car longer in order to sound his horn or swerve, any negligence on his part was not the proximate cause of the collision.  Singhurse had a duty to stop and yield the right-of-way to approaching cars."  *Id*. at 341.

In this case, Mitchell Johnson was driving on a preferential roadway.  He testified in his deposition that just before the collision, he briefly saw Hopper's truck, and he saw Hopper run the stop sign.  He further testified that there was nothing he could do to get out of the way.  (*See* Doc. 34, Ex. A.)  After continued questioning during the deposition, Mitchell Johnson was asked why he was not able to see Hopper's truck before the time he did, and he responded:  "I wasn't paying no attention."  (*Id*., Tr. 71: 21-24.)  But under the facts as set forth and the relevant law, this does not create a genuine issue of material fact as suggested by Defendants.  Nor does Hopper's deposition testimony that she believes she stopped at the stop sign create a genuine issue of material fact on the issue of Mitchell Johnson's contributory negligence.  Even Hopper testified that she does not know of anything Mitchell Johnson did to cause the accident or anything he could have done to avoid the accident because she never saw his car.  (*Id*., Ex. C.)  Defendants have failed to come forward with any evidence to show that any negligence on Mitchell Johnson's part was a proximate cause of Walter Johnson's injuries.  Accordingly, Patricia Johnson's motion for summary judgment on the counterclaims (Doc. 34) is **GRANTED**, and judgment will be entered against Defendants on their

counterclaims for contribution against Mitchell Johnson.

**IT IS SO ORDERED.**

DATED:  11/22/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
